UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ALEJANDRA C. PEREZ VASQUEZ,

                               Plaintiff,          Case No.:

              - against -

EUGENE H. HASIWAR, CHRISTOPHER J. MADDY,
ERIC A. CLARK, JONAS G. ESTRELLA-REYNOSO
and UBER TECHNOLOGIES, INC.

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule of Civil Procedure 81.1, Defendant Uber Technologies Inc. ("Uber") hereby gives notice of the removal of this action, which is currently pending in the Supreme Court of New York in Bronx County, captioned *Alejandra C. Perez Vasquez v. Eugene H. Hasiwar, et al.*, Index No. 806688/2022E, to the United States District Court for the Southern District of New York. As grounds for removal, Uber states as follows:

1. Uber removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties properly joined to this litigation, no party properly joined and served as defendants is a citizen of New York, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a)(1) ("[t]he district courts have shall original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.")

**BACKGROUND**

2.  Plaintiff alleges in the Complaint that she was injured in an automobile collision on July 27, 2019, in which she was a rider in a vehicle "operated" by co-defendant Jonas G. Estrella-Reynoso ("Reynoso"). A copy of Plaintiff's Summons & Complaint are annexed hereto as **Exhibit A**. Plaintiff further alleges that Reynoso was an employee of Uber operating within the scope of his employment with Uber.

3.  Plaintiff claims she "sustained severe and permanent personal injuries"; that she sustained "serious injuries" as defined in § 5102(d) of the NY Insurance Law-Recodification; and that she sustained serious injuries and economic loss greater than the "basic economic loss" as to satisfy the exceptions of § 5104 of NY Insurance Law.

**TIMELINESS OF REMOVAL**

4.  Uber received service of the Complaint on or about May 5, 2022. A copy of the Affidavit of Service filed by Plaintiff is annexed hereto as **Exhibit B**.

5.  This Notice of Removal is timely filed within 30 days from the date that the removing Defendants received service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

6.  Complete diversity of citizenship exists in this matter because the properly joined Defendants Uber are citizens of a different state than Plaintiff. *See* 28 U.S.C. § 1332(a).

7.  Plaintiff alleges that she is an individual residing in the State of Florida. Plaintiff is therefore a citizen of Florida for diversity purposes.

8. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and still is currently, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber Technologies, Inc. is therefore not a citizen of Florida for diversity purposes.

9. Plaintiff alleges that co-defendants Christopher J. Maddy ("Maddy") and Eric A. Clark ("Clark") are residents of the State of Indiana. Maddy and Clark are therefore not citizens of Florida for diversity purposes.

10. Plaintiff alleges that co-defendant Jonas G. Estrella-Reynoso is a resident of the State of New Jersey. Reynoso is therefore not a resident of Florida for diversity purposes.

11. Plaintiff alleges that co-defendant Eugene H. Hasiwar ("Hasiwar") is a resident of the State of New York. Hasiwar is therefore not a resident of Florida for diversity purposes.

12. In addition, at the time this notice of removal is being filed, upon information and belief, Plaintiff has not served the Summons & Complaint on defendant Hasiwar. *See* 28 U.S.C. § 1441(b)(2)(requiring a defendant to be properly joined and served for the forum defendant rule to apply); *also Gibbons v. Bristol-Myers Squibb Co.,* 919 F.3d 699, 706 (2d Cir. 2019). In fact, the NYSCEF docket for this case contains affidavits of service for Uber and Reynoso but none for defendant Hasiwar. A true and accurate copy of the NYSCEF electronic docket is annexed hereto as **Exhibit C**.

## AMOUNT IN CONTROVERSY

13. Based on Plaintiff's allegations, the amount in controversy does exceed the jurisdictional minimum of $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

14. According to Plaintiff's Complaint, she "sustained severe and permanent personal injuries." *See* **Exhibit A**, ¶ 54.  Upon information and belief, Plaintiff claims that she sustained neck and back injuries and has undergone a back surgery.  The Police Accident Report indicates that Plaintiff sustained neck injuries and was transported from the scene to hospital by ambulance.  *See* **Exhibit D**, # 12 through 18.

15. Plaintiff also alleges that she suffered "serious injuries" as defined in § 5102(d) of the NY Insurance Law-Recodification. *See* **Exhibit A**, ¶ 55.

16. Pursuant to § 5102(d) of the NY Insurance Law, "serious injury" is defined as a "personal injury which results in [1] death; [2] dismemberment; [3] significant disfigurement; [4] a fracture; [5] loss of a fetus; [6] permanent loss of use of a body organ, member, function or system; [7] permanent consequential limitation of use of a body organ or member; [8] significant limitation of use of a body function or system; or a [9] medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

17. Additionally, Plaintiff alleges that she sustained serious injuries and economic loss greater than the "basic economic loss" as to satisfy the exceptions of § 5104 of NY Insurance Law.

18. Pursuant to § 5102(d) of the NY Insurance Law, "basis economic loss" is defined as "up to fifty thousand dollars per person of the following combined items, subject to the limitations of section five thousand one hundred eight of this article: (1) all necessary expenses incurred for: (i) medical, hospital (including services rendered in compliance with article forty-

one of the public health law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical therapy (provided that treatment is rendered pursuant to a referral) and occupational therapy and rehabilitation; (iii) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of this state; and (iv) any other professional health services; all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury."

19. Thus, Plaintiff's Complaint seeks economic damages in excess of $50,000. However, the nature of Plaintiff's alleged injuries, and the value of her claimed economic and non-economic damages place more than $75,000 in controversy. See 28 U.S.C. § 1446(c)(2)(B).

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

20. Pursuant to 28 U.S.C. §§ 1441(a) and 1441(6), Uber is filing this Notice of Removal in the federal district court for the district within which the State Court Complaint was filed.

21. Pursuant to 28 U.S.C. § 1446(a), Uber attaches copies of the all process, pleadings and orders that have been filed, served or received by Uber in the Subject Action to the Index of Attachments. *See* **Exhibit A**.

22. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Southern District of New York, as the Complaint in this action was filed in the Supreme Court of the State of New York, County of Bronx.

23. Uber will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Supreme Court, County of Bronx, as required by 28 U.S.C. § 1446(d).

29. In removing this action, Uber does not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

30. Based on the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

**WHEREFORE,** Uber Technologies, Inc. respectfully request that this action proceed in the United States District Court for the Southern District of New York, as an action properly removed from state court.

Dated: June 2, 2022
      New York, NY

                           Respectfully submitted,

                           The Defendants,

                           UBER TECHNOLOGIES, INC.
                           By its attorneys,
                           Joshua S. Stern

                           _____

                           WILSON, ELSER, MOSKOWITZ,
                           EDELMAN & DICKER LLP
                           Joshua S. Stern, Esq.
                           1133 Westchester Avenue
                           White Plains, NY 10604
                           914.872.7177
                           File No 22422.217

**CERTIFICATE OF SERVICE**

  I hereby certify under penalty of perjury that on June 3, 2022 the foregoing was filed electronically through ECF with the United States District Court for the Southern District of New York and served by mail, postage prepaid, by all counsel of record:

Joseph G. Dell, Esq.
Dell & Dean, PLLC
Attorneys for Plaintiff
1225 Franklin Avenue, Suite 450
Garden City, NY 11530

Eugene H. Hasiwar
239 West 254th Street
Bronx, NY 10471
(no appearance)

Christopher J. Maddy
1636 W. 15th Street
Anderson, Indiana 46016
(no appearance)

Eric A. Clark
2500 S. Broadway Street
Yorktown, Indiana 47396
(no appearance)

Jonas G. Estrella-Reynoso
49 Thorne Street, Apt. 3c
Jersey City, New Jersey 07307
(no appearance)